**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| AGAVE LOCO LLC, an Illinois limited liability company,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES DISTILLED PRODUCTS CO., a Minnesota corporation, CROSBY LAKE SPIRITS CO., a Minnesota corporation, and INTERCONTINENTAL PACKAGING COMPANY, a Minnesota corporation,<br><br>        Defendants. | Case No: |

## COMPLAINT

Plaintiff Agave Loco LLC ("Plaintiff"), by and through its attorneys, for its Complaint against Defendants United States Distilled Products Co., Crosby Lake Spirits Co. and Intercontinental Packaging Company (collectively, "Defendants"), states as follows:

### NATURE OF THE ACTION

1.      This is an action for trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, *et seq*., and for trademark and trade dress infringement, unfair competition, and deceptive trade practices under the laws of the State of Illinois.

2.      This action arises from Defendants' infringement of Plaintiff's RUMCHATA and CHATA trademarks and its inherently distinctive trade dress used in connection with Plaintiff's cream-based horchata-flavored alcoholic beverage product made with rum. The RUMCHATA and CHATA trademarks are collectively referred to herein as the "RUMCHATA Marks."

50744328

3.      In an effort to trade on the valuable goodwill and reputation associated with Plaintiff and its RUMCHATA Marks and trade dress, Defendants have adopted the confusingly similar RICACHA mark for use in connection with goods identical to those offered by Plaintiff, namely, cream-based horchata-flavored alcoholic beverages made with rum—and have packaged their RICACHA product in a manner that mimics the same overall look and feel of Plaintiff's distinctive RUMCHATA trade dress.

4.      This conduct is likely to cause confusion with regard to the source, sponsorship or approval of Defendants' product, resulting in the unjust enrichment of Defendants.

5.      Plaintiff seeks, among other remedies, preliminary and permanent injunctive relief, and an award of profits and actual damages for injuries caused by Defendants' use of the name RICACHA and infringing packaging, in violation of the Lanham Act (15 U.S.C. §§ 1051, *et seq*.).

## PARTIES

6.      Plaintiff Agave Loco LLC is an Illinois limited liability company having its principal place of business at 6 Pheasant Row, Lincolnshire, Illinois, 60069 with a mailing address of P.O. Box 323, Deerfield, Illinois 60015.

7.      Defendant United States Distilled Products Co. is a Minnesota corporation having its principal place of business at 1607 S. 12th Street, Princeton, Minnesota 55371.

8.      Defendant Crosby Lake Spirits Co. is a Minnesota corporation having its principal place of business at 1607 S. 12th Street, Princeton, Minnesota 55371.

9.      Defendant Intercontinental Packaging Company is a Minnesota corporation having its principal place of business at 1999 Shepard Road, St. Paul, Minnesota 55116.

## JURISDICTION AND VENUE

10.     This Court has personal jurisdiction over Defendants because Defendants have engaged in business activities in, and directed to, the State of Illinois and within this judicial district, and because Defendants have knowingly committed tortious acts aimed at, and causing harm within, the State of Illinois and this judicial district.

11.     This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367. Plaintiff's claims are based on violations of the Lanham Act, as amended, 15 U.S.C. §§ 1051-1127.

12.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c) because, on information and belief, Defendants transact business in this district and because events giving rise to the claims asserted herein have occurred, and will continue to occur, within this judicial district. Additionally, the damage to Plaintiff and its intellectual property described herein occurs in this judicial district.

## PLAINTIFF'S BUSINESS AND MARKS

13.     Plaintiff is a privately held company founded in 2005 to manufacture, market, and sell premium quality alcoholic beverages.

14.     As part of its business of providing consumers with premium quality alcoholic beverages, Plaintiff developed an innovative new beverage under trademarks RUMCHATA and CHATA. Such beverage is a cream-based horchata-flavored beverage made with rum. Specifically, it has a unique blend of Caribbean rum and horchata (a beverage originally of Spanish origin now made with, among other things, cream, rice, sugar, vanilla and cinnamon). In order to achieve the delicious flavor and maintain the high quality standards consumers have come to associate with RUMCHATA and CHATA, each batch is made from scratch (with

ingredients originating from as near as Wisconsin and as far away as Madagascar) and is taste tested and hand bottled at a specialty manufacturing plant located in Wisconsin.

15.     To compliment the flavor and appeal of its unique beverage, Plaintiff has consistently packaged its product sold under RUMCHATA and CHATA using an inherently distinctive, non-functional trade dress consisting of a combination of one or more features that include bottle shape, bottle color, label layout, font, font color and a decorative design element that comprise the overall look and feel of Plaintiff's RUMCHATA and CHATA products ("Plaintiff's Trade Dress").  The attached Exhibit 1 shows Plaintiff's product and trade dress.

16.     Plaintiff's product sold under RUMCHATA and CHATA has become extremely popular with consumers.  Indeed, since its introduction in 2009, nearly three million bottles have been sold, including nearly two million bottles in 2012 alone.  One of the leading industry trade publications noted in July 2012 that "[r]ecent Nielsen national scan data ranks RumChata among both the U.S. market's leading rum and cream liqueur brands."  *See* http://www.shankennewsdaily.com/index.php/2012/07/05/3454/rum-liqueur-rumchata-enjoying-fast-start-through-cross-category-appeal/, copy attached as Exhibit 2.

17.     The tremendous popularity of Plaintiff's product was formally recognized in the beverage industry when RUMCHATA won The Beverage Information Group's Rising Star Brand Growth Award in 2011 and 2012.  This award recognizes a brand that has demonstrated notable growth so that operators, retailers and the industry at large can discern existing and emerging trends and tap available opportunities.  The publication announcing this honor for RUMCHATA in 2012 noted RUMCHATA's "uniquely shaped bottle." *See* copy attached as Exhibit 3.

18.     Similarly, on September 4, 2012, one of the leading industry trade publications awarded RUMCHATA its annual "Hot Prospects" award.  RUMCHATA was the only liqueur of its type awarded this honor, and one of only four products containing rum to receive the award.  *See*     http://www.shankennewsdaily.com/index.php/2012/09/04/3914/whiskies-top-the-list-of-impact-hot-prospect-winners/, copy attached as Exhibit 4.

19.     The popularity of Plaintiff's product results in part from the fact that Plaintiff has expended considerable time, resources and effort in promoting the product throughout the United States.  As a result of these efforts, Plaintiff has built substantial recognition, goodwill and secondary meaning, and has developed significant and valuable intellectual property rights, in its RUMCHATA Marks and in Plaintiff's Trade Dress.

20.     As a result of Plaintiff's efforts, it has been issued a federal trademark registration by the United States Patent and Trademark Office ("USPTO") for the RUMCHATA mark, in connection with mixed alcoholic beverages, namely, a cream-based horchata-flavored alcoholic beverage made with rum.  *See* U.S. Trademark Registration No. 3,464,119, copy attached as Exhibit 5.

21.     Furthermore, Plaintiff owns the soon to be granted federal trademark registration for the CHATA mark, in connection with mixed alcoholic beverages, namely, a cream-based horchata-flavored alcoholic beverage made with rum, with such application having been accepted for registration on August 11, 2012 and the registration certificate issuing in due course.  *See* Application Serial No.77/947,669.  This forthcoming registration, and the application upon which it is based, is valid and subsisting.

22.     Consumers identify Plaintiff as the single source of products bearing the RUMCHATA Marks and Plaintiff's Trade Dress.  Plaintiff's Trade Dress is used in commerce, is non-functional and has acquired secondary meaning in the marketplace.

## DEFENDANTS' BUSINESS AND UNAUTHORIZED CONDUCT

23.     Upon information and belief, Defendant United States Distilled Products Company is an alcoholic beverage producer, bottler and distributor of its own brands of alcoholic beverages; Defendant Crosby Lake Spirits Company is engaged in the business of product development, packaging design and marketing for alcoholic beverages; and Defendant Intercontinental Packaging Company is a wholesaler of alcoholic beverages.

24.     Upon information and belief, long after Plaintiff began using the RUMCHATA Marks and Plaintiff's Trade Dress, Defendants collaborated to develop and market a cream-based horchata-flavored alcoholic beverage made with rum under the name RICACHA, which would be directly competitive with RUMCHATA.

25.     In addition to choosing a mark that is confusingly similar to Plaintiff's marks, Defendants packaged their RICACHA product in a way that mimics Plaintiff's Trade Dress. Indeed, the similarities between Plaintiff's Trade Dress and Defendants' product packaging are striking, as Defendants' use of similar bottle shape, bottle color, label layout, font, colors and decorative design element create a confusingly similar overall commercial impression.  On information and belief, attached as Exhibit 6 shows Defendants' RICACHA product packaging.

26.     Defendants never requested authorization or consent from Plaintiff to use the name RICACHA or to use product packaging confusingly similar to Plaintiff's Trade Dress in connection with Defendants' cream-based horchata-flavored alcoholic beverage made with rum.

27.     On information and belief, Defendants intentionally adopted the name RICACHA and product packaging confusingly similar to Plaintiff's Trade Dress for the purpose of exploiting and trading on the goodwill, reputation, standing and success associated with Plaintiff's RUMCHATA Marks and Plaintiff's Trade Dress.

28.     On information and belief, the parties' products are or will compete in the same channels of trade, and are likely to be sold side by side on retail store shelves, which enhances the likelihood of confusion.  At establishments which sell liqueurs to be consumed on the premises, the phonetic similarity of the brands is also likely to cause confusion.

29.     The confusing similarity between Defendant's RICACHA name and product packaging, and Plaintiff's RUMCHATA Marks and Plaintiff's Trade Dress, is likely to cause confusion with regard to the source of Defendants' product.  Thus, Defendants have been, and continue to be, engaged in acts which are injurious and deceptive to the public and which will cause Plaintiff irreparable harm.

30.     On information and belief, Defendants have only recently commenced marketing this product to distributors.  Upon information and belief, the product is not yet available to the consuming public.  Upon learning of Defendants' actions, Plaintiff promptly demanded that such infringing activity cease, but as of the filing of this Complaint, Defendants have not agreed to do so.  If allowed to continue, Defendants' conduct will result in irreparable harm to Plaintiff.


## COUNT I
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

31.     Plaintiff realleges and incorporates herein by reference the matters alleged in Paragraphs 1 – 30 of this Complaint.

32.     As the owner of the U.S. Trademark Registration for RUMCHATA in connection with mixed alcoholic beverages, namely, a cream-based horchata-flavored alcoholic beverage made with rum and user of such mark in commerce, Plaintiff is entitled to exclusive use of RUMCHATA and any marks confusingly similar thereto in connection with Plaintiff's products throughout the United States.

33.     As a result of Plaintiff's widespread and continuous use of RUMCHATA in commerce, Plaintiff has demonstrated its commitment to protecting the distinctiveness of RUMCHATA, and such mark enjoys considerable goodwill that has become associated with Plaintiff and its RUMCHATA product.

34.     Prior to Defendants' adoption and use of the name RICACHA, Defendants either had actual notice or knowledge, or constructive notice (pursuant to 15 U.S.C. § 1072), of the registered RUMCHATA Mark.

35.     Defendants, in order to cause confusion, mistake or to deceive consumers, and in an attempt to trade on the goodwill, reputation and marketing power established by Plaintiff under the RUMCHATA Marks, deliberately and willfully adopted, commenced to market, and are about to use the mark RICACHA in connection with a cream-based horchata-flavored alcoholic beverage made with rum that is directly competitive with Plaintiff's RUMCHATA product.

36.     Defendants' unauthorized use of the name RICACHA is likely to cause confusion, deception, or mistake with regard to the source of the product, and with regard to the sponsorship, approval or affiliation of Defendants by or with Plaintiff.

37.     Defendants' unauthorized use of the name RICACHA deprives Plaintiff of the ability to control consumer perception of the quality of the goods and services marketed under

RUMCHATA and, instead, places Plaintiff's valuable reputation and goodwill into the hands of Defendants, over whom Plaintiff has no control.

38.     The aforementioned acts of Defendants constitute federal trademark infringement in violation of 15 U.S.C. § 1114.

39.     The intentional nature of Defendants' acts makes this an exceptional case under 15 U.S.C. § 1117(a).

40.     Plaintiff has been, is now, and will be irreparably harmed by Defendants' aforementioned acts of infringement, and, unless enjoined by the Court, Defendants will continue to infringe upon the RUMCHATA Marks.  There is no adequate remedy at law for the harm caused by the acts of infringement alleged herein.

**COUNT II**
**UNFAIR COMPETITION**
**AND TRADE DRESS INFRINGEMENT (15 U.S.C. § 1125(a))**

41.     Plaintiff realleges and incorporates herein by reference the matters alleged in Paragraphs 1 – 40 of this Complaint.

42.     Defendants' unauthorized use of the RICACHA mark and product packaging falsely suggests that their goods and services are connected with, sponsored by, affiliated with, related to and/or approved by Plaintiff and its product marketed under the RUMCHATA Marks and Plaintiff's Trade Dress.

43.     Defendants, without authorization from Plaintiff, have developed and begun marketing the RICACHA product in packaging containing one or more design elements that are confusingly similar to Plaintiff's Trade Dress.

44.     Plaintiff's Trade Dress is used in commerce, is non-functional and has acquired secondary meaning in the marketplace.

45.     Upon information and belief, Defendants have acted with knowledge of Plaintiff's Trade Dress and with deliberate intention to unfairly benefit from the goodwill symbolized thereby.

46.     Defendants' unauthorized use of a confusingly similar trademark and packaging constitutes unfair competition and a false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47.     Plaintiff has been, is now, and will be irreparably harmed by Defendants' aforementioned acts of unfair competition and false designation of ownership, and, unless enjoined by the Court, Defendants will continue to infringe upon the Plaintiff's rights.  There is no adequate remedy at law for the harm caused by the acts of infringement alleged herein.

**COUNT III**
**COMMON LAW TRADEMARK INFRINGEMENT / UNFAIR COMPETITION**

48.     Plaintiff realleges and incorporates herein by reference the matters alleged in Paragraphs 1 – 47 of this Complaint.

49.     Because of Plaintiff's significant promotion and advertising efforts under the RUMCHATA Marks and Plaintiff's Trade Dress, the marks and trade dress have become uniquely associated with Plaintiff and identify Plaintiff as the source of Plaintiff's product. Plaintiff's RUMCHATA Marks are valid trademarks under the common law.

50.     Defendants' acts constitute trademark infringement under the common law.

51.     Defendants' unauthorized and infringing use of the RICACHA mark and packaging also constitutes unfair competition with Plaintiff under the common law, in that such use enables Defendants to obtain the benefit of, and trade upon, the widespread recognition and goodwill of Plaintiff; Plaintiff has no control over the business of Defendants and its impact on

Plaintiff's goodwill; and such use is likely to cause confusion, mistake or deception, and result in the unjust enrichment of Defendants.

52.     In addition, Plaintiff has been, is now, and will be irreparably harmed by Defendants' actions complained of herein, and unless enjoined by this Court, Plaintiff will suffer further harm, constituting an injury for which there is no adequate remedy at law.

**COUNT IV**
**DECEPTIVE TRADE PRACTICES (815 ILCS § 510/2, _et seq._)**

53.     Plaintiff realleges and incorporates herein by reference the matters alleged in Paragraphs 1 – 52 of this Complaint.

54.     Defendants have engaged in unfair or deceptive acts or practices, and thereby have created a likelihood of confusion or misunderstanding as to the source, sponsorship or approval of the goods they are offering for sale; created a likelihood of confusion or misunderstanding as to whether Defendants are affiliated, connected or associated with Plaintiff; and otherwise have engaged in conduct creating a likelihood of confusion and/or misunderstanding as to the affiliation, connection, with or certification by another.   The aforementioned acts and/or other activities of Defendants complained of herein are in violation of the Illinois Uniform Deceptive Trade Practices Act.

55.     Defendants have willfully engaged in the deceptive trade practices described in this Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, Plaintiff respectfully prays for relief as follows:

1.     Entry of an order and judgment requiring that Defendants and their officers, agents, servants, employees, owners and representatives, and all other persons, firms or

corporations in active concert or participation with them, be preliminarily and thereafter permanently enjoined and restrained from (a) using in any manner the RUMCHATA Marks and Trade Dress, or any colorable imitation of those marks and Trade Dress, including, but not limited to, RICACHA, exclusively, or as a dominant portion of any trade name, trademark, service mark or domain name and the RICACHA packaging; and (b) doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public, or current or prospective customers of Plaintiff's products, with respect to the source of the products offered for sale, distributed, or sold by Defendants, or with regard to there being a connection between Defendants and Plaintiff.

2.      A judgment ordering Defendants, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Plaintiff within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction and implemented adequate and effective means to discontinue doing business and offering or selling goods using the RICACHA mark, as set forth above;

3.      A judgment, pursuant to 15 U.S.C. § 1117, requiring that Defendants account for and pay to Plaintiff damages arising from Defendants' violation of the Lanham Act;

4.      A judgment, pursuant to 15 U.S.C. § 1117, requiring that Defendants account for and disgorge to Plaintiff all of the profits realized by Defendants or others in active concert or participation with Defendants, relating to the use of the RICACHA mark, and, as the Court may deem appropriate, any additional amounts pursuant to 15 U.S.C. § 1117, plus interest;

5.      A judgment ordering Defendants, pursuant to 15 U.S.C. § 1118, to deliver up for destruction, or show proof of said destruction or sufficient modification to eliminate, all articles, promotional items, literature, sales aids or other matter in the possession, custody or control of

Defendants or their agents or distributors, bearing any mark confusingly similar to the RUMCHATA Marks and Trade Dress, both alone and in combination with other words or terms, including all plates, molds, matrices and other means of making such items;

6.　　　A judgment ordering Defendants, pursuant to 15 U.S.C. § 1118, to delete any and all information and/or computer files bearing any mark confusingly similar to the RUMCHATA Marks and Trade Dress in any manner, or any mark that is confusingly similar to, or a colorable imitation of, the RUMCHATA Marks and Trade Dress, both alone and in combination with other words or terms, including but not limited to any text and/or images that are hosted on Defendants' website(s) or any of the Defendants' computers or hard drives or other storage media;

7.　　　A judgment, pursuant to 815 ILCS § 510/3, granting Plaintiff injunctive relief, and allowing Plaintiff to recover its costs and attorneys' fees incurred in connection with this action;

8.　　　A judgment, in connection with the above claims and as allowed under law, awarding punitive damages in favor of Plaintiff in an amount to be determined;

9.　　　A judgment requiring that Defendants pay prejudgment interest; and

10.　　　A judgment granting Plaintiff such other and further relief as the Court deems just and proper.

### **JURY DEMAND**

Plaintiff hereby demands a jury trial.

Dated:  September 7, 2012        KATTEN MUCHIN ROSENMAN LLP

        By: ____/s/ Floyd A. Mandell_____ _____
            Floyd A. Mandell (#1747681)
            Kristin J. Achterhof (#6206476)
            Breighanne A. Eggert (#6289475)
            Thomas J. Maas (#6293270)
            KATTEN MUCHIN ROSENMAN LLP
            525 W. Monroe Street
            Chicago, IL 60661-3693
            Telephone: 312.902.5200
            Facsimile: 312.902.1061

            *Attorneys for Plaintiff Agave Loco LLC*

14